Destec Properties Limited Partnership v. Freestone Central Appraisal District, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-033-CV

     DESTEC PROPERTIES LIMITED
     PARTNERSHIP,
                                                                              Appellant
     v.

     FREESTONE CENTRAL APPRAISAL
     DISTRICT, ET AL.,
                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 92-373-B
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Destec Properties Limited Partnership (DPLP) brought suit against the Freestone Central
Appraisal District (the “District”) and the Freestone County Appraisal Review Board (the
“Board”) to resolve a dispute over the ownership and value, for ad valorem tax purposes, of
lignite reserves in Freestone County. After a jury trial, judgment was rendered on the verdict in
favor of DPLP and against the District and the Board. The District and the Board filed a notice
of appeal seeking appellate review of the judgment entered against them. DPLP also seeks review
of the jury’s determination of the ownership of the lignite reserves. On August 31, 1998, the
District and the Board filed a motion requesting this court to dismiss its appeal against DPLP.
      In relevant portion, Rule 42.1(a) of the Texas Rules of Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      The District and the Board request a dismissal of their appeal against DPLP because the
parties have “resolved certain issues and desire to settle such issues as they relate to the District
and the Board’s appeal.” Accordingly, the District and Board’s appeal is severed from this appeal
and dismissed. Id. 42.1(b). DPLP’s appeal remains pending before this court. 
 
                                                                                     PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed in part on appellants’ motion
Opinion delivered and filed September 16, 1998
Do not publish



ow how I did it."
      B.K. Walter, a patrol officer, testified that he assisted Officer Garcia in following the blood
trail. When Garcia entered the apartment, Walter watched the back of the apartment. After
Garcia arrested Appellant, Walter entered the apartment and saw two new tires in the bathtub. 
They had blood on them. Walter recovered the tires, and the complainant identified them as his.
      Walter Parker, another patrol officer, testified that, when Appellant was arrested, he had a
severe cut to his hand. His bandage and his bed were soaking in blood. Two bloody tires were
in the bathtub.
      Earl Swindle, the owner of the Chevron station, testified that on April 1, 1993, he received
an alarm call indicating that his station was being burglarized. The police were already there when
Swindle arrived 15 minutes later. Four tires were missing from one of the tire racks. The police
eventually brought four bloody tires to his station. Swindle recognized the tires because he had
written out the tags that were on them. The station had closed that night between 8:30 and 9:00,
and Swindle did not give Appellant permission to later enter the building.
Appellant was the only occupant of the apartment at the end of the blood trail that was bleeding. 
The blood trail labelled him as the possessor of the stolen tires, and consequently, the burglar. 
Any rational fact finder could have found him guilty.
      We find the evidence amply sufficient to sustain the conviction, and accordingly affirm the
trial court's judgment.
 
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed May 4, 1994
Do not publish